# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered by and between Phil Martinez ("Martinez" or "Plaintiff"), the Opt-Ins identified herein, and Turn-Key Solutions, Inc. ("Turn-Key" or "Defendant").   Martinez and the Opt-Ins occasionally are collectively referred to herein as "Plaintiffs."   Plaintiffs and Defendant occasionally are collectively referred to herein as the "parties."

RECITALS

A.     Martinez was employed by Defendant from August 12, 2014 to September 8, 2016.

B.     Disputes have arisen between the parties with respect to events alleged to have occurred during Plaintiffs' employment with Defendant.

C.     Martinez has asserted certain claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of Plaintiffs and against Defendant, in a civil action pending in the United States District Court for the District of Arizona (the "Court") designated "Phil Martinez, individually and on behalf of all others similarly situated v. Turn-Key Solutions, Inc., Case No. 2:18-cv-02448-BSB" (the "Lawsuit").   A number of other former Turn-Key employees, all of whom are identified in Exhibit "1" hereto (the "Opt-Ins"), subsequently opted into the Lawsuit.

D.     Defendant denies the material allegations made against it in the Lawsuit.

E.     The parties desire to settle and compromise the claims asserted in the Lawsuit.   The parties, through counsel, have carefully negotiated, in good faith and at arm's-length, including at a private mediation before Tod Schleier, Esq. on February 19, 2019, a

settlement of the claims asserted in the Lawsuit in order to achieve a fair and reasonable compromise of all disputed issues of fact and law in order to fully and finally resolve Plaintiffs' claims against Defendant.

## AGREEMENT

For valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.     Upon execution of this Agreement, the parties will promptly execute and file with the Court a Joint Motion For Approval of Settlement Agreement in Case No. 2:18-cv-02448-BSB in the form attached hereto as Exhibit "2," and lodge with the Court an accompanying [Proposed] Order Approving Settlement Agreement and Dismissing Case With Prejudice in the form attached hereto as Exhibit "3."

2.     Upon submitting the Joint Motion For Approval of Settlement Agreement and [Proposed] Order Approving Settlement Agreement and Dismissing Case With Prejudice referred to in paragraph 1 above, Defendant will promptly deliver to the Settlement Administrator (ILYM Group, Inc.) one check in the total amount of $55,000.00, payable to "Phil Martinez v. Turn-Key Solutions, Inc." From that amount, payments will be issued by the Settlement Administrator in separate checks, identified in Paragraphs 2 and 3 herein, as follows:

a.     In satisfaction of his disputed claims for unpaid wages and overtime under the FLSA, Martinez will receive one check for the gross sum of $1,250.00.  It is expressly understood by and between the parties that this check is subject to withholding of federal and state income taxes, and any applicable FICA and/or FUTA taxes, and that Martinez' execution of this Agreement constitutes his authorization and direction to the Settlement Administrator to withhold such taxes and remit them to the appropriate authorities.

b.      Martinez will receive a second check for the gross sum of $1,250.00. This additional check is intended to settle Martinez' claim for liquidated damages. Martinez understands that the Settlement Administrator will issue to him an appropriate 1099 form reflecting this payment.

c.      It is further understood by and between the parties that Martinez will be solely responsible for the payment of any federal or state income taxes, any applicable FICA and/or FUTA taxes, and any interest or penalties attributable to this payment owed by Martinez, and that he will indemnify and hold Defendant harmless in the event any taxing authority seeks to recover any such taxes, interest or penalties from Defendant for taxes owed by Martinez. However, Martinez is not responsible for any federal, state, or local tax liability of Defendant and Defendant will indemnify and hold Martinez harmless from, and will reimburse Martinez for, any and all liability of whatever kind incurred by Martinez as a result of any tax obligations of Defendant, including but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs owed by Defendant, if any.

d.      In satisfaction of their disputed claims for unpaid wages and overtime, each Opt-In identified in Exhibit "A" will receive one check for the gross sum of $165.00.  It is expressly understood by and between the parties that this check is subject to withholding of federal and state income taxes, and any applicable FICA and/or FUTA taxes, and that Martinez' execution of this Agreement on behalf of each Opt-In constitutes each Opt-In's authorization and direction to the Settlement Administrator to withhold such taxes and remit them to the appropriate authorities.

e.      Each Opt-In identified in Exhibit "A" will receive a second check for the gross sum of $165.00.  These additional checks are intended to settle the Opt-Ins' claims

3

for liquidated damages. Each Opt-In understands that the Settlement Administrator will issue to him or her an appropriate 1099 form reflecting this payment.

        f.     It is further understood by and between the parties that each Opt-In will be solely responsible for the payment of any federal or state income taxes, any applicable FICA and/or FUTA taxes, and any interest or penalties attributable to this payment owed by him or her, and that s/he will indemnify and hold Defendant harmless in the event any taxing authority seeks to recover any such taxes, interest or penalties from Defendant for taxes owed by him or her. However, no Opt-In will be responsible for any federal, state, or local tax liability of Defendant and Defendant will indemnify and hold each Opt-In harmless from, and will reimburse each Opt-In for, any and all liability of whatever kind incurred by any Opt-In as a result of any tax obligations of Defendant, including but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs owed by Defendant, if any.

        3.     Upon submitting the Joint Motion For Approval of Settlement Agreement and [Proposed] Order Approving Settlement Agreement and Dismissing Case With Prejudice referred to in paragraph 1 above and the Settlement Administrator's receipt of a properly completed and signed W-9 form from Plaintiffs' attorneys, Anderson Alexander, PLLC, the Settlement Administrator will deliver to those attorneys a check in the gross amount of $20,960.00 in satisfaction of Plaintiffs' disputed claim for attorneys' fees and costs alleged to have been incurred as a result of the matters alleged in the Lawsuit. Anderson Alexander, PLLC will be responsible for allocating any payment of attorneys' fees between itself and local counsel, Lubin & Enoch, P.C. A 1099 form will be issued to Anderson Alexander, PLLC, reflecting this payment, and Anderson Alexander, PLLC, will be solely responsible for the payment of any federal or state income taxes, any applicable FICA and/or FUTA taxes, and any

interest or penalties attributable to this payment owed by Anderson Alexander, PLLC, and agrees to hold Defendant harmless in the event any taxing authority seeks to recover any such taxes, interest or penalties from Defendant for taxes owed by Anderson Alexander, PLLC, if any. However, Anderson Alexander, PLLC is not responsible for any federal, state, or local tax liability of Defendant and Defendant will indemnify and hold Anderson Alexander, PLLC harmless from, and will reimburse Anderson Alexander, PLLC for, any and all liability of whatever kind incurred by Anderson Alexander, PLLC as a result of any tax obligations of Defendant, including but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs owed by Defendant, if any.

4.   The Settlement Administrator will hold the check delivered by Defendant as described above in trust until the Court approves this Agreement and dismisses with prejudice Plaintiffs' claims in the Lawsuit.  The Settlement Administrator will return the check to Defendant's counsel unnegotiated within two business days of any court order refusing to approve this Agreement and/or refusing to dismiss with prejudice Plaintiffs' claims in the Lawsuit.

5.   Plaintiffs understand and agree that the settlement payments described in paragraphs 2 and 3 above shall constitute Defendant's sole financial obligation to Plaintiffs and their attorneys under this Agreement.

6.   Except as otherwise expressly provided herein, Plaintiffs hereby fully release and forever discharge Defendant, any and all of its successors, affiliates, subsidiaries, parent companies, and assigns (including, but not limited to, Customer Engagement Services, LLC), and any and all of their past or present agents, principals, employers, attorneys, or employees (including, but not limited to, Brian Riley and Nate Villareal) (collectively, the

5

"Released Parties"), from liability for the claims asserted in this Lawsuit, or any obligation, demand, cause of action, controversy or claim arising under common law or statute, relating to allegedly unpaid wages or overtime as a result of time Plaintiffs spent working for Defendant until and including the date this Agreement is executed. The released claims also shall include any debt, obligation, demand, penalty, application for attorneys' fees and/or dispute resolution costs, cause of action, judgment, controversy, or claim of any kind whatsoever between Plaintiffs and Defendant, whether arising under common law or statute, relating to allegedly unpaid wages or overtime, penalties and/or interest, including but not limited to any claim for pay as a result of time Plaintiffs spent working for Defendant up to and including the date of execution of this Agreement.

7.      This Agreement compromises claims contested in good faith and, thus, it is entered into for settlement purposes only. By entering into this Agreement, none of the parties is admitting any liability to any other party for any claims or causes of action that any other party may claim to have. This Agreement shall not be construed as an adjudication, finding or admission that any party to the Agreement has acted improperly or is liable to any other party to the Agreement for any past or present act or omission relating to the subject matter of the Lawsuit, or otherwise, but instead is an agreement arising from the parties' settlement of all disputed claims and causes of action related to allegedly unpaid wages or overtime, penalties and/or interest, that were asserted or that could have been asserted in the Lawsuit.

8.      Plaintiffs agree not to sue, to file a "consent to participate," or to make a claim or demand in any action or proceeding against any or all of the Released Parties claiming unpaid wages or overtime under the FLSA for hours worked up to and including the date of execution of this Agreement. Further, Plaintiffs agree to refuse to accept any money, benefit, or

other relief from any FLSA proceeding against any or all of the Released Parties, whether brought by Plaintiffs or any other person, agency or entity for hours worked up to and including the date of execution of this Agreement, with the sole exception of the checks referred to in paragraph 2 above.

9.      Plaintiffs warrant and represent that they have not assigned or transferred to anyone any of the legal rights or claims that they are releasing with this Agreement.

10.     Martinez warrants and represents that he is authorized to execute this Agreement on behalf of the Opt-Ins.

11.     The parties agree not to make any oral or written comments to any person or entity that disparages, or has the effect of disparaging the reputation of, any other party to this Agreement.

12.     Plaintiffs understand and agree that their receipt of this Agreement shall constitute written notice to them to consult with an attorney prior to executing this Agreement.

13.     The laws of the State of Arizona will apply to this Agreement.

14.     This Agreement may only be modified in a writing signed by the parties or duly authorized representatives of the parties.

15.     Except as otherwise expressly provided herein, each party shall bear his, her or its own attorneys' fees and costs.

16.     Plaintiffs agree that they have carefully and fully investigated and now understand the nature and extent of the claims against the Defendant that they are releasing with this Agreement.  Plaintiffs agree that (i) they have been actively and effectively represented by counsel in the negotiation and preparation of the terms and conditions of this Agreement; (ii) they have had a full and fair opportunity to review this Agreement and actually have discussed it

with their attorneys before signing it; (iii) they realize that this Agreement contemplates the extinction of all of their FLSA claims against Defendant; and (iv) they sign this Agreement knowingly, voluntarily and without duress or coercion.

17.     The parties recognize and agree that the Court must approve this Agreement and the settlement of Plaintiffs' FLSA claims against Defendant and that this Agreement shall not be effective or enforceable until such approval and dismissal with prejudice occurs.   Therefore, the parties agree that the settlement contemplated by this Agreement is expressly contingent on such approvals and the dismissal with prejudice of Plaintiffs' claims in the Lawsuit and further agree that, if such approval is not given or the dismissal does not occur, this Agreement is void *ab initio* and cannot be used or referred to for any purpose whatsoever.

18.     The parties agree to use their best efforts and to cooperate to the extent reasonably necessary in order to implement this Agreement.

19.     If any party initiates proceedings for breach of this Agreement, the prevailing party as found by a court of competent jurisdiction shall recover his, her or its attorneys' fees and costs, including such fees and costs of any enforcement or appeal proceedings.  The United States District Court for the District of Arizona will have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement. In the event the Court declines to retain jurisdiction, or pass upon any dispute herein, the Parties agree that Tod Schleier, Esq., will be retained to provide a final and binding resolution of any dispute(s) pursuant to the rules of the American Arbitration Association.

20.     This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may

be executed in one or more counterparts, each of which will be deemed an original of this Agreement.  All counterparts of any such document together will constitute one and the same instrument.  Facsimile signatures shall be deemed to be effective as original signatures.

Dated: _____ Mar 29, 2019

_____
Phil Martinez (Mar 29, 2019)

PHIL MARTINEZ, Individually and
on behalf of all Opt-Ins

Dated: _____

TURN-KEY SOLUTIONS, INC.

By_____
  Brian Riley
  Its President

Dated: _____

APPROVED AND AGREED TO AS
TO PARAGRAPH 3:

Anderson Alexander, PLLC

By: _____
  Clif Alexander
  One of Its Principals

10

Dated: _____

PHIL MARTINEZ, Individually and
on behalf of all Opt-Ins

Dated: ___4/1/19_____

TURN-KEY SOLUTIONS, INC.

By _____
   Brian Riley
   Its President

Dated: _____

APPROVED AND AGREED TO AS
TO PARAGRAPH 3:

Anderson Alexander, PLLC

By: _____
   Clif Alexander
   One of Its Principals

10

Dated:_____

_____
PHIL MARTINEZ, Individually and
on behalf of all Opt-Ins

Dated: _____

TURN-KEY SOLUTIONS, INC.


By_____
   Brian Riley
   Its President

Dated: _____

APPROVED AND AGREED TO AS
TO PARAGRAPH 3:

Anderson Alexander, PLLC


By: _____
   Clif Alexander
   One of Its Principals

## Lovell, Andrea G.

| | |
|---|---|
| **From:** | Clif Alexander <clif@a2xlaw.com> |
| **Sent:** | Monday, April 08, 2019 11:10 AM |
| **To:** | Lovell, Andrea G. |
| **Cc:** | Frances Lopez; Kaminski, Tina; nick@lubinandenoch.com; Austin Anderson; Moberly, Michael |
| **Subject:** | Re: Turn-Key_Martinez_Settlement Agreement |

Hi Andrea,

I was having trouble e-signing it but you have my permission to sign/e-sign on my behalf.

Thanks,

Clif Alexander

Ѧ **Anderson**Alexonder

_____

P: 361-452-1279
F: 361-452-1284

E-MAIL NOTICE - The information contained in this email is intended only for the individual or entity to which it is addressed. Its contents (which include any attachments) may contain confidential or privileged information or both. If you are not an intended recipient, you are prohibited from using, disclosing, disseminating, copying or printing its contents. If you received this email in error, please notify the sender and purge all copies from your system.

On Apr 8, 2019, at 1:09 PM, Lovell, Andrea G. <alovell@rcalaw.com> wrote:

Thanks, Frances.  Do you have Clif's signature page as well?

Andrea

<image001.gif>
Andrea G. Lovell
Shareholder
602-440-4832

**From:** Frances Lopez [mailto:frances@a2xlaw.com]
**Sent:** Monday, April 08, 2019 11:04 AM
**To:** Lovell, Andrea G.
**Cc:** Clif@a2xlaw.com; Kaminski, Tina; nick@lubinandenoch.com; Austin Anderson; Moberly, Michael
**Subject:** Re: Turn-Key_Martinez_Settlement Agreement

Ms. Lovell:

It is attached.  My apologies for the delay in getting this to you.

**EXHIBIT "1"**

1. Karina Delgado
2. Jacob Johnson
3. Ann Seger
4. Bradford Lorance
5. Vanessa Deleon
6. Ruben Estrada
7. Adriana Hernandez
8. Joseph Jauregui
9. Tiffany Lowrey
10. Conception Martinez
11. Robert Spreitzer
12. Pamela Stephenson
13. Elisha Artis
14. Monique Hernandez
15. Joseph King
16. Scott Russell
17. Stephen Seiwert
18. Joseph Holiday
19. Lydia Soto
20. Ashley Cooley
21. Torrey Farley
22. Curtis McCants
23. Dezerei Sivadon
24. Kyle Sivadon
25. Don Hall
26. Courtney Vertido
27. Veronica Tafoya
28. Tela Turner
29. Nancy Ochoa
30. Jamie Finkle
31. Tina Carmello
32. Corena Rodriguez
33. Brittney Schultz
34. Samara Taylor
35. Justin Briner
36. Karla Brown
37. Shadeasha Carter
38. Destiny Grimes
39. Christopher Hawk
40. Rhiannon Frederickson
41. Lynnea Ruiz
42. April Schaefer
43. Delores Simmons
44. Reid Zornes

45. Megan Bonds
46. Wendy Davis
47. Treavis Fowler
48. Coty Gilsdorf
49. Grace Hall
50. Theresa Hartage
51. David Johnson
52. David Livingstone
53. Alejandro Magana
54. Caitlin Jo Morrow
55. Lisa Moultrie
56. Catrina Pappe
57. Raphael Petito
58. Christobal Quintana
59. DaQuilla Rogers
60. Ryan Smith
61. Pena Solabae
62. Ronalyn Torres
63. Tinah Tuberville
64. Donna Woodford
65. Guadalupe Covarrubias
66. Sandra Hakim
67. Lori Horn
68. Darlene Mock
69. Dianna Ross
70. Elizabeth Settle
71. Breana Vance
72. Selena Villa
73. Gloria Lugo
74. Alyssa N. De La Rosa
75. Bradley A. McLendon
76. Diana Pedroza
77. Meagan Brady
78. Ayesha McClinton
79. Dolores Ovalle
80. Sabian Riley
81. Crystal White
82. Cody Yopp
83. Antoinette Revels
84. Jesse Studiner
85. Frankie Bredacz
86. Timothy Foster
87. Theodore Kelly
88. Elizabeth Ann Wilson

EXHIBIT "2"
TO SETTLEMENT AGREEMENT



**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417
Telephone 602.440.4800
Fax 602.257.9582

Michael D. Moberly – 009219
mmoberly@rcalaw.com
Andrea G. Lovell – 019882
alovell@rcalaw.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Phil Martinez,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

Turn-Key Solutions, Inc.,
an Arizona corporation,

       Defendant.

No.  2:18-cv-02448-BSB

**JOINT MOTION FOR
APPROVAL OF SETTLEMENT
AGREEMENT**

The parties hereby jointly move the Court for approval of their Settlement Agreement ("Agreement") for the compromise and dismissal of the claims asserted in this matter.

As grounds for this motion, the parties jointly state the following:

1.    This is an action filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, in which Plaintiffs seek recovery for wages and overtime allegedly due and owing them.  Defendant has denied Plaintiffs' allegations, and disputes their entitlement to wages and overtime they have claimed.

2.    Even if Plaintiffs were able to establish liability, several contested issues of fact and law would need to be litigated and resolved in this matter.  In particular, Defendant has asserted that it would (a) contest any off-the-clock work purportedly performed by Plaintiffs, (b) prevail on its argument that time allegedly spent by Plaintiffs logging into

4552038.1

Defendant's time-keeping system was *de minimis*, and therefore not compensable; and (3) dispute any issues of willfulness and/or entitlement to liquidated damages. *See*, *e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946) ("When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded."); *see also* 29 C.F.R. § 785.47 (explaining that "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded [and that] courts have held that such trifles are *de minimis*.").

3.      In addition to the legal uncertainties set forth above, Defendant ceased operations on December 23, 2018, and its remaining assets are very limited. *Cf. Johnson v. Quantum Learning Network, Inc.*, Case No. 15-CV-05013-LHK, 2017 U.S. Dist. LEXIS 27354, at ** 4-5 (N.D. Cal. Feb. 27, 2017) (approving settlement of class action where "[c]ontinued litigation would . . . have placed [the defendant employer] in a more precarious financial situation, and would have risked non-payment to class members," whereas settlement would provide class members with "timely and certain recovery").

4.      The parties have executed a settlement agreement, pursuant to which the parties have agreed to the dismissal of this action with prejudice (the "Agreement").  A copy of the Agreement is attached hereto as Exhibit "A."

5.      A settlement agreement resolving an FLSA claim is subject to court approval. *Hand, et al. v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007); *see also Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007), citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

6.      If a settlement in an FLSA lawsuit reflects a "reasonable compromise over issues," the district court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's*, 679 F.2d at 1354.

7.      The parties have carefully negotiated, in good faith and at arm's-length, including at a private mediation before Tod Schleier, Esq. on February 19, 2019, a

2

settlement of Plaintiffs' claims in order to achieve a fair and reasonable compromise of the disputed issues of fact and law and in order to fully and finally resolve their claims against Defendant.

8.     With respect to Plaintiffs, the parties have agreed – for the purposes of settlement – as to the approximate value of purported off-the-clock hours worked by Plaintiffs, with an additional incentive payment to Phil Martinez for serving as the named plaintiff.

9.     The proposed distribution to Plaintiffs is fair and equitable because it was calculated using the approximate value of purported off-the-clock hours worked by Plaintiffs, and the proposed amount also includes an additional equal amount as liquidated damages.  29 U.S.C. § 216(b).

10.     Further, as part of the settlement of this FLSA action, Defendant has agreed to pay Plaintiffs' reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).  The attorneys' fees are reasonable, have been adjusted based on billing judgment, and need not be measured in relation to the underlying monetary relief obtained.  *See Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988).  Such fees were negotiated by the parties at arm's length and therefore carry a presumption of reasonableness.  *See In re First Capital Holdings Corp. Financial Products Securities Litigation*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal June 10, 1992), *appeal dismissed*, 33 F.3d 29 (9th Cir. 1994).

11.     Both Plaintiffs and Defendant, through their respective counsel, represent to the Court that the Agreement is fair, equitable, and in compliance with the policies of the FLSA.

12.     All parties were represented by competent counsel with experience in this area of law.

Accordingly, the parties jointly request that the Court review the Agreement and enter an Order approving the Agreement and dismissing this matter with prejudice, with each party to bear his, her or its own fees and costs except as otherwise expressly provided in the Agreement.

1     RESPECTFULLY SUBMITTED this _____ day of April, 2019.

2                    **RYLEY CARLOCK & APPLEWHITE**

3                    By:  /s/

4                         Michael D. Moberly
                         Andrea G. Lovell

5                         Attorneys for Defendant Turn-Key
                         Solutions, Inc.

6

7                    **LUBIN & ENOCH, P.C.**

8                    By:  /s/
                         Nicholas J. Enoch

9                         Kaitlyn Redfield-Ortiz
                         Stanley Lubin

10                   **ANDERSON ALEXANDER, PLLC**

11                  By:  /s/

12                         Austin W. Anderson
                         Clif Alexander

13                         Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## CERTIFICATE OF SERVICE

I hereby certify that on April __, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF registrants:

Austin W. Anderson
Clif Alexander
ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401

Nicholas J. Enoch
Kaitlyn Redfield-Ortiz
Stanley Lubin
LUBIN & ENOCH, P.C.
349 North Fourth Avenue
Phoenix, AZ 85003

*Attorneys for Plaintiff*

By:  s/

EXHIBIT "3"
TO SETTLEMENT AGREEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Phil Martinez,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

Turn-Key Solutions, Inc.,
an Arizona corporation,

        Defendant.

No.  2:18-cv-02448-BSB

**[PROPOSED] ORDER APPROVING**
**SETTLEMENT AGREEMENT AND**
**DISMISSING CASE WITH**
**PREJUDICE**

      Upon joint motion of the parties, and good cause appearing,

      IT IS HEREBY ORDERED that the parties' Settlement Agreement ("Agreement")
for the compromise and dismissal of this matter is hereby APPROVED.  The Court further
orders that this action be DISMISSED WITH PREJUDICE, with each party to bear his, her
or its own fees and costs except as otherwise provided in the Agreement.

4552039.1